JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiffs-appellants, Belma Boros ("Belma") and Gerald Boros ("Gerald"), appeal the trial court's granting of summary judgment for defendant-appellee, Sears, Roebuck and Co., ("Sears"). Finding no merit to the appeal, we affirm.
 {¶ 3} In January 2005, Belma sustained injuries while walking up the sidewalk handicap ramp to the Sears store at Richmond Town Square. The handicap ramp was constructed with "bubbles" or truncated domes for safety purposes, pursuant to ADA guidelines. Belma's foot got caught on the "bubbles," which caused her to trip and fall.
 {¶ 4} In January 2006, Belma and Gerald filed suit against Sears. Belma alleged that Sears' negligence was the direct and proximate cause of her injuries.[1] In August 2006, Sears filed a motion for summary judgment, which the trial court granted in December 2006.
 {¶ 5} Belma and Gerald now appeal, raising one assignment of error in which they argue that the trial court "abused its discretion" in granting summary judgment for Sears. *Page 2 
 Standard of Review {¶ 6} We first note that Belma and Gerald's argument that abuse of discretion is the proper standard of review is incorrect. The proper standard of appellate review for summary judgment is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 1996-Ohio-336,671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998),124 Ohio App.3d 581, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 1998-Ohio-389,696 N.E.2d 201, as follows:
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d.138. *Page 3 
 {¶ 8} In the sole assignment of error, Belma argues that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether the alleged deterioration of the sidewalk ramp was open and obvious.
 Open-and-Obvious Doctrine {¶ 9} The open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, at paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley ConstrCo., 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504.
 {¶ 10} A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474; Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 390 N.E.2d 810. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088. It is the fact that the condition itself is so obvious that it absolves the property *Page 4 
owner from taking any further action to protect the plaintiff. Id. The open-and-obvious doctrine satisfies the duty prong of a negligence claim.[2] Id.
 {¶ 11} When only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine.Carpenter v. Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240,705 N.E.2d 1281.
 {¶ 12} Attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious. Quinn v. MontgomeryCty. Educ. Serv. Ctr, Montgomery App. No. 20596, 2005-Ohio-808;Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074. While "there is no precise definition of `attendant circumstances' * * * they generally include `any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" Klauss, supra, citingMcGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494,693 N.E.2d 807. *Page 5 
Attendant circumstances are all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. Menke v. Beerman (Mar. 9, 1998), Butler App. No. CA97-09-182.
 Sidewalk Defects {¶ 13} In Kimball v. Cincinnati (1953), 160 Ohio St. 370,116 N.E.2d 708, the Ohio Supreme Court pronounced what is known as the "two-inch rule." This rule provides that a less than two-inch difference in elevation in a sidewalk or walkway is insubstantial as a matter of law and not actionable. Id. The two-inch rule was modified by the Court inCash v. Cincinnati (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275, when the Court distinguished Kimball and held that "when reasonable minds might differ as to whether a defect in a crosswalk is so trivial as to relieve liability, a trial court properly leaves that issue to the jury, and all attendant circumstances must be considered in determining whether such a crosswalk is reasonably safe for pedestrians." Id., at paragraph two of the syllabus.[3]
 {¶ 14} Thus, the Ohio Supreme Court in Kimball and in Cash established a two-prong analysis of walkway-related injuries. A court must first establish whether a defect is minor as defined in Kimball as "two inches or less." If a defect is not minor *Page 6 
(it is a difference in elevation over two inches), there is a question of fact for the jury. If it is minor, the court then must consider whether any other attendant circumstance have such a bearing on the landowner's duty of care and its breach that a jury question is presented.
 {¶ 15} The Cash Court determined that attendant circumstances which tend to increase the danger of a defect might include the condition of the walkway as a whole, its pedestrian traffic volume, visibility of the defect, and whether the accident site was such that one's attention could easily be diverted. To render a minor defect as "walkway substantial," as required for a jury question on the issue as to negligence, "attendant circumstances" must not only be present but must create a greater than normal, and hence substantial, risk of injury, and such attendant circumstances must divert the attention of a pedestrian to significantly enhance the danger of the defect and contribute to the fall. See Stockhauser v. Archdiocese of Cincinnati (1994),97 Ohio App.3d 29, 646 N.E.2d 198. The attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants. Shainker v. Cleveland (Mar. 2, 1989), Cuyahoga App. No. 55083; Cash, supra; Kimball, supra.
 {¶ 16} In the instant case, the record demonstrates that Belma was looking down at the ramp as she walked toward the Sears' entrance. She admitted that she had used this same entrance more than fifty times and she did not have any trouble *Page 7 
seeing the "bubbles" on the bricks. She also admitted that she was not distracted nor was her attention diverted. Furthermore, there is no evidence on the record to suggest that any unevenness in the brick was more than two inches. There is also no evidence to suggest that there was a defect in the installation or construction of the sidewalk.
 {¶ 17} We agree with the trial court in finding that the alleged worn-down "bubbles" on the bricks were open and obvious. The condition of the sidewalk was not hidden from Belma and was clearly visible to her. We do not find any attendant circumstances that would allow Belma to avoid the application of the open-and-obvious doctrine.
 {¶ 18} Thus, we find that no genuine issue of material fact existed, and Sears cannot be held liable, as a matter of law, for injuries and damages resulting from Belma's fall.
 {¶ 19} Therefore, the sole assignment of error is overruled.
 {¶ 20} Accordingly, judgment is affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR
[1] Count two of the complaint is a loss of consortium claim by Gerald.
[2] When a negligence action is the subject of a motion for summary judgment, the appellant must show that: (1) the appellee owed appellant a duty of care; (2) the appellee breached the duty of care; and (3) as a direct and proximate result of appellee's breach, appellant suffered injuries. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707.
[3] The rule in Kimball was extended to owners and occupiers of private premises in Helms v. American Legion, Inc. (1966),5 Ohio St.2d 60, 213 N.E.2d 734. *Page 1