JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants, Cynthia and James Gates, appeal the trial court's grant of summary judgment in favor of appellee, Speedway Superamerica, L.L.C. Finding no merit to the appeal, we affirm.
 {¶ 2} This lawsuit arises from injuries sustained by Cynthia Gates in 2004, when she was a customer at the Speedway Superamerica service station ("Speedway") in Richmond Heights, Ohio. At approximately 6:30 p.m. on November 19, 2004, [1] Ms. Gates stopped at Speedway to buy gasoline and two bottles of tea on her way to a church service. In order to pay for her purchase, she approached the cashier's window, which was located on a raised center island. Ms. Gates was forced to step off the curb to maneuver around a cooler of drinks that was placed on the island. As she stepped down to the pavement from the island, her right foot became wedged in a four-foot long, half-inch wide crack, and she fell to the ground, injuring herself.
 {¶ 3} On December 5, 2006, appellants brought a claim against Speedway for negligence stemming from its failure to adequately light the outside area of its service station and its failure to correct the defect in the pavement.[2] On July 16, 2007, Speedway moved for summary judgment on the grounds that it had no duty to illuminate its parking lot, the defect *Page 4 
in the pavement was open and obvious, and the crack in the pavement was a trivial defect. Speedway relied on the following evidence from Ms. Gates to support its motion.
 {¶ 4} Ms. Gates testified in her deposition that the height differential of the crack in the pavement was between one inch and one-and-one-half inches, that she had visited this Speedway many times before over the past seven years, that nothing distracted her attention prior to or at the time she fell, and that nothing obstructed her view of the crack in the pavement. She testified that the lighting in the area was "dim" and that she placed her foot into "darkness" when she stepped off the curb.
 {¶ 5} On September 18, 2007, the trial court granted summary judgment to Speedway. In its entry, the trial court stated: "Speedway Superamerica LLC motion for summary judgment * * * is granted. Evidence brought forward by defts was not contradicted by pltfs' opposing] brief as it introduced no evidence. On the undisputed evidence, defts are entitled to judgment in their favor as a matter of law." Appellants filed a timely notice of appeal.
 {¶ 6} Appellants raise one assignment of error, asserting that the trial court erred in determining that an affidavit from the injured plaintiff constituted "no evidence." We agree with the trial court that there are no genuine issues of material fact in this case and that Speedway is entitled to summary judgment as a matter of law.
 {¶ 7} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears *Page 5 
from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 8} It is well-established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95,604 N.E.2d 138.
 {¶ 9} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact or materialelement of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 10} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An *Page 6 
appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50,593 N.E.2d 24; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741,607 N.E.2d 1140.
 {¶ 11} The crux of appellants' argument is that the trial court ignored additional evidence they presented through the affidavit of Ms. Gates to create a genuine issue of material fact. We find this argument to be without merit.
 {¶ 12} Ms. Gates' affidavit was written two months after her deposition and was subsequently attached to her brief in opposition to Speedway's motion for summary judgment. The affidavit attempts to clarify portions of Ms. Gates' answers to interrogatories, in which she stated that when she stepped off the curb, "the lighting made [her] feel as if [she were] looking into the proverbial `Black Hole of Space.'"[3]
 {¶ 13} In her affidavit, however, Ms. Gates states that what she meant was that "[t]he area was dim. I said the proverbial `black hole' in my response to discovery to demonstrate that the light was such that I couldn't avoid the area because there wasn't sufficient light."
 {¶ 14} We do not believe the trial court abused its discretion by deciding that Ms. Gates' affidavit did not provide disputed factual issues sufficient to defeat summary *Page 7 
judgment. Cleveland Clinic Foundation v. Commerce Group Benefits,Inc., Cuyahoga App.
No. 79907, 2002-Ohio-1414. A nonmoving party may not defeat a motion for summary judgment by filing an affidavit which contradicts prior deposition testimony. See Linder v. Am. Natl. Ins. Co.,155 Ohio App.3d 30, 2003-Ohio-5394, 798 N.E.2d 1190.[4]
 {¶ 15} Arguably, the clarification offered by Ms. Gates in her affidavit is not inconsistent with her prior responses since neither party argues that the entire Speedway parking lot was cast in total darkness. This court, however, conducts a de novo review, and we hold that the additional evidence presented in Ms. Gates' affidavit does not present a genuine issue of material fact and that Speedway prevails as a matter of law.
 {¶ 16} Appellants' complaint against Speedway alleges a single cause of action for negligence. It is elementary that to establish a cause of action in negligence, plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach.Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217, 556 N.E.2d 505;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 539 N.E.2d 614; Thomas v.City of Parma (1993), 88 Ohio App.3d 523, 527, 624 N.E.2d 337. *Page 8 
 {¶ 17} The rule in Ohio is that "`one who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night.'" Ashbaugh v. Family Dollar Stores (Jan. 20, 2000), 4th Dist. No. 99 CA 11, quoting Jeswald v. Hutt (1968),15 Ohio St.2d 224, 239 N.E.2d 37, paragraph one of the syllabus (darkness is always a warning of danger); see, also, Scheetz v. Kentwood,Inc., 152 Ohio App.3d 20, 2003-Ohio-1209, 786 N.E.2d 501 ("because appellee had no duty to provide lighting in the restaurant parking lot, it could not have breached any such duty by failing to illuminate its parking lot on the night [plaintiff] fell"); Meilink v. AAA NortheastOhio (Dec. 4, 1998), Lucas App. No. L-98-1139 (no duty to provide adequate lighting even if owner undertakes to provide some light in parking lot).
 {¶ 18} Regardless of whether the parking lot at Speedway that evening was dim, partially lit, or dark, we hold that Speedway did not owe Ms. Gates a duty to adequately light the area. Her testimony that she knew she was stepping into total darkness stands as warning enough that she needed to be more careful.
 {¶ 19} On an alternate theory, appellants claim the crack in the pavement allows recovery for Ms. Gates' injury. We disagree on two levels, both as to the length and width of the crack and as to the height differential it presented.[5] *Page 9 
 {¶ 20} "The open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, at paragraph one of the syllabus. The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504." Boros v.Sears, Roebuck Co., Cuyahoga App. No. 89299, 2007-Ohio-5720.
 {¶ 21} When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573,788 N.E.2d 1088.
 {¶ 22} Ms. Gates testified that the crack in the pavement was visible in daylight, that it was approximately four feet long and one-half inch wide, and that nothing obstructed her view of the crack. She also testified that, had she been looking where she was going, she would have seen the crack. As with the darkness argument, open and obvious hazards serve as warnings in and of themselves.
 {¶ 23} Further, the rule in Ohio is that business owners have no duty to repair a defect measuring two inches or less in height differential unless attendant circumstances exist making it reasonably foreseeable that the defect will cause an injury. Henry, supra; see, also,Jeswald, supra, ("[generally, no liability exists for minor imperfections in the surface of such a parking area — those slight irregularities reasonably to be anticipated in any traveled *Page 10 
surface"). The presence of dim lighting does not necessarily change a minimal sidewalk defect into something creating a greater than normal risk of injury. Goldshot v. Romano's Macaroni Grill, Montgomery App. No. 19023, 2002-Ohio-2159.
 {¶ 24} Therefore, we hold that Ms. Gates' own testimony that the crack at Speedway had a height differential of between one inch and one-and-one-half inches relieves Speedway of any liability for the defect because it had no duty to repair the pavement. In addition, she has not argued that attendant circumstances existed since she testified that, if she had looked where she was going, she would have seen the crack.
 {¶ 25} We find that no genuine issues of material fact were raised by appellants and that the trial court did not err in granting summary judgment in favor of Speedway.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
COLLEEN CONWAY COONEY, P.J., and MARY JANE BOYLE, J., CONCUR
[1] Although appellants' complaint alleges that the incident occurred on November 12, 2004 (see para. 1), Ms. Gates states that the incident occurred on November 19, 2004 in her Answer to Interrogatories, Ex. A.
[2] Appellants originally filed suit in February 2006, but the court dismissed the case without prejudice.
[3] At her deposition, Ms. Gates was questioned about this response when counsel for Speedway asked, "So is it your testimony that you stepped into darkness?" Ms. Gates responded, "Yes."
[4] Although the Ohio Supreme Court in Turner v. Turner,67 Ohio St.3d 337, 1993-Ohio-176, 617 N.E.2d 1123, held that "[w]hen a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact," several appellate courts have upheld a lower court's decision to strike self-serving affidavits by a non-moving party when the affidavit testimony is inconsistent with prior testimony and no genuine issue of material fact is presented. Cleveland Clinic Found., supra.
[5] Appellants argue that the defect cannot be both "open and obvious" and "trivial." However, we agree that the open and obvious doctrine and the two-inch rule regarding height differentials in pavement can co-exist and that "[although the rule and the doctrine are not the same, they share a key characteristic insofar as they both relieve a landowner of a duty to warn of certain potential hazards." Henry v. Marriott HotelServices, Inc., Montgomery App. No. 19653, 2003-Ohio-4840. *Page 1