[Cite as *Skowronski v. Waterford Crossing Homeowners' Assn.*, 2011-Ohio-3693.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
### No. 96144

---

## MATTHEW SKOWRONSKI, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## WATERFORD CROSSING HOMEOWNERS' ASSOCIATION, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-704403

**BEFORE:**  Kilbane, A.J., Blackmon, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  July 28, 2011

**ATTORNEYS FOR APPELLANTS**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 33113

Frank Gallucci, III
David E. Gray II
Plevin & Gallucci Co., L.P.A.
55 Public Square, Suite 2222
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Terrance P. Gravens
Stephanie L. Simon
Rawlin Gravens Co., L.P.A.
55 Public Square
Suite 850
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Plaintiffs-appellants, Susan and Leon Skowronski, the parents of Matthew Skowronski, appeal from the order of the trial court that granted summary judgment to defendant Waterford Crossing Homeowners' Association (Waterford Crossing).   For the reasons set forth below, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶ 2}   Plaintiffs filed this negligence action on September 18, 2009.   In relevant part, plaintiffs alleged that on July 18, 2008, Matthew, who was then 16 years old, struck a substantial sidewalk defect while riding his bicycle in the area of Waterford Drive and Moror Circle, in Strongsville, a common area owned and controlled by defendant, and that Matthew sustained a skull fracture, facial lacerations, and other injuries.   Plaintiffs asserted claims for negligence, loss of consortium, and breach of contract.

{¶ 3}   Defendant denied liability and moved for summary judgment on July 21, 2010. Defendant maintained that Matthew was a mere licensee, that the defect at issue was insubstantial as a matter of law, and was also open and obvious.   Defendant additionally maintained that Matthew was riding too fast and his negligence surpassed any negligence on the part of defendant.   Finally, defendant argued that the breach of contract claim failed as a

matter of law since plaintiffs did not incorporate any contractual provisions into their complaint.

**{¶ 4}** In opposition, plaintiffs argued that Matthew was a business invitee on the premises, that the defect was not insubstantial as matter of law, that the defect was not open and obvious in light of the attendant circumstances, and that any issue of comparative negligence is for a jury to determine.[1]

**{¶ 5}** On December 6, 2010, the trial court awarded summary judgment to defendant, concluding that there were no genuine issues of material fact and that defendant was entitled to judgment as a matter of law.

**{¶ 6}** Plaintiffs now appeal and assign the following error for our review:

**"The trial judge erred, as a matter of law, by granting summary judgment against Plaintiffs-Appellants."**

**{¶ 7}** With regard to procedure, we note that the court of appeals reviews the grant of summary judgment de novo using the same standards as the trial court. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618.

**{¶ 8}** A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears

---

[1]Plaintiffs additionally indicated that they were proceeding only on their tort claims for relief and did not oppose summary judgment on the breach of contract claim.

from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶ 9} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Kirchner v. Shooters on the Water, Inc.*, 167 Ohio App.3d 708, 2006-Ohio-3583, 56 N.E.2d 1026. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id.

{¶ 10} With regard to the substantive law, we note that the elements of an action for negligence are the existence of a legal duty, the defendant's breach of that duty, and injury resulting proximately therefrom. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 11} The scope of the duty owed by the landowner is dependent on the status of the person who enters upon the land, i.e., whether he is a trespasser, licensee, or invitee. *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 1994-Ohio-427, 644 N.E.2d 291. Business invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner. *Light v. Ohio Univ.*

(1986), 28 Ohio St.3d 66, 68, 502 N.E.2d 611. The duty that a landowner owes to invitees is to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. Id. A licensee is one who goes upon the land of another by permission or acquiescence of the landowner for the licensee's own pleasure or convenience. *Bae v. Dragoo & Assoc., Inc.*, 156 Ohio App.3d 103, 2004-Ohio-544, 804 N.E.2d 1007. A landowner owes no duty to a licensee or trespasser except to refrain from willful, wanton, or reckless conduct that is likely to injure him. Id.

{¶ 12} Here, the defendant insists that Matthew Skowronski was a licensee on the Waterford Crossing sidewalk. Plaintiffs note, however, that plaintiffs reside in the Waterford Crossing Development, are members of the Waterford Crossing Homeowners' Association, and that at the time of his accident, Matthew was returning home from his job as a lifeguard at Metropolitan Pools, Waterford Crossing's swimming pool. From the foregoing, there are no genuine issues of material fact, and Matthew was on the defendant's premises by invitation, express or implied, and for purposes beneficial to the owner. He was therefore a business invitee.

{¶ 13} Landowners owe invitees a duty of ordinary care in maintaining premises in a reasonably safe condition so they are not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. Plaintiffs argue that there are genuine issues of material fact as to whether the defendant breached this

duty in this instance as Matthew lost control of his bicycle due to a sidewalk defect, a section where one slab was approximately three inches higher than the adjoining slab. Defendant insists, however, that Matthew does not know how he lost control of his bicycle and that the defect is insubstantial as a matter of law.

{¶ 14} As to the contention that plaintiffs do not know how the accident occurred, we note that to establish negligence in connection with a fall, it is incumbent upon the plaintiff to identify or explain the reason for the fall. *Stamper v. Middletown Hosp. Assoc.* (1989), 65 Ohio App.3d 65, 582 N.E.2d 1040. However, the testimony of "outside witnesses" may be presented to identify what caused the accident. Id.

{¶ 15} In this matter, eyewitness Robert Hollosy testified in deposition that he saw Matthew hit a "bump" in the sidewalk that caused the front tire of his bicycle to come off, and Matthew then flipped over the handlebars and fell. He was knocked unconscious. This evidence is sufficient to identify the reason for Matthew's fall.

{¶ 16} As to the issue of whether the defect in this matter was insubstantial as a matter of law, we note municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variation in the walkways. *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 32-33, 646 N.E.2d 198.

{¶ 17} The *Stockhauser* court explained this rule, often called the "two-inch rule," as follows:

> "Courts developed the rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and thus does not present a jury question on the issue of negligence. In *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 421 N.E.2d 1275, the court clarified the 'two-inch' rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. * * * Thus *Cash* established a rebuttable presumption that height differences of *two inches or less are insubstantial as a matter of law.* The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." (Emphasis added.) Id.

{¶ 18} See, also, *Gates v. Speedway Superamerica, L.L.C.*, Cuyahoga App. No. 90563, 2008-Ohio-5131 ("[T]he rule in Ohio is that business owners have no duty to repair a defect measuring two inches or less in height differential unless attendant circumstances exist making it reasonably foreseeable that the defect will cause an injury").

{¶ 19} Conversely, variations in elevation between adjacent sections of a walkway should not be deemed insubstantial as a matter of law where it is greater than two inches. See *Boros v. Sears, Roebuck & Co.*, Cuyahoga App. No. 89299, 2007-Ohio-5720 ("If a defect is not minor (it is a difference in elevation over two inches), there is a question of fact for the jury.").

{¶ 20} In this matter, the record indicates that in the area where Matthew fell, one sidewalk slab is approximately three inches higher than the adjoining sidewalk slab.

Photographs presented to the trial court also show a significant and substantial separation between the two adjoining sections of the sidewalk due to the defect. We therefore conclude that the trial court erred insofar as it determined that the defect was insubstantial as a matter of law.

{¶ 21} As to whether the defect was open and obvious, we note that where a danger is open and obvious, the landowner owes no duty of care to individuals lawfully on the premises. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 80, 2003-Ohio-2573, 788 N.E.2d 1088. The rationale underlying this doctrine is that the open and obvious nature of the hazard itself serves as a warning, so persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Id.

{¶ 22} Where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. *Klauss v. Marc Glassman, Inc.*, Cuyahoga App. No. 84799, 2005-Ohio-1306. A pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not as a matter of law required to look constantly downward. *Swiger v. Kohl's Dept. Store, Inc.*, 191 Ohio App.3d 629, 2010-Ohio-6230, 947 N.E.2d 232. "Attendant circumstances" may also divert the individual's attention from a hazard and excuse the failure to observe it. See *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161. Moreover, as explained in *Hissong*,

"The existence and the obviousness of a danger which allegedly exists on a premises is determined by a fact-specific inquiry and must be analyzed on a case-by-case basis." (Citation omitted.)

{¶ 23} In this instance, Matthew testified in deposition that there was a raised section of sidewalk. Photographs depict a nearby manhole cover that partially abuts onto the sidewalk and there are tree branches above this general area. Robert Hollosy testified that he had noticed the defect, and photographs depicting the area show a defect, but we cannot say, as a matter of law, that the defect is open and obvious to someone who is not looking constantly downward and who may be concerned about avoiding the manhole cover or the other attendant circumstances.

{¶ 24} As to the issue of Matthew's own negligence, we note that comparative negligence principles require the factfinder to apportion the percentage of each party's negligence in relation to the proximate cause of the plaintiff's damages. *Lozitsky v. Heritage Co., Inc.*, Cuyahoga App. No. 79193, 2002-Ohio-500. Ordinarily, this is an issue best determined by the jury unless the evidence is so compelling that reasonable minds can reach but one conclusion. Id., citing *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642,1992-Ohio-42, 597 N.E.2d 504. In such a case, summary judgment is appropriate if the only conclusion a reasonable trier of fact could reach is that the plaintiff was over fifty percent negligent so as to bar recovery under comparative negligence principles. Id.

**{¶ 25}** In this matter, the basis of defendant's assertion that Matthew's negligence exceeded any negligence of defendant is that Matthew was not seated on his bicycle while pedaling too quickly. We cannot say, as a matter of law, that this is negligent or that the only conclusion a reasonable trier of fact could reach is that the plaintiff was over fifty percent negligent so as to bar plaintiffs from any recovery.

**{¶ 26}** In accordance with all of the foregoing, we find that there are genuine issues of material fact that remain to be litigated, reasonable minds cannot come to but one conclusion, and defendant is not entitled to judgment as a matter of law. The trial court therefore erred in awarding summary judgment to defendant.

**{¶ 27}** The assignment of error is well taken.

Judgment reversed and remanded.

It is ordered that appellants recover from appellees costs herein taxed.

**{¶ 28}** The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., CONCURS;
COLLEEN CONWAY COONEY, J., DISSENTS (SEE SEPARATE DISSENTING OPINION).

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 29} I respectfully dissent. I would affirm the trial court's grant of summary judgment because Matthew is a mere licensee and the bump in the two adjoining sidewalk slabs is open and obvious and commonly encountered on any public sidewalk.

{¶ 30} The duty of care owed by a property owner to a person who is injured on the property depends on the status of the injured person. The status of a passerby on a public sidewalk is "licensee." *Gall v. Systems Parking, Inc.* (Oct. 27, 1994), Cuyahoga App. No. 66159. The duty of care owed to a licensee is to refrain from willful or wanton conduct, which is when a defendant "fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result * * *." *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 117-18, 363 N.E.2d 367.

{¶ 31} Matthew argues, however, that his status should be that of an "invitee" rather than a "licensee," which would raise Waterford's duty to that of ordinary care. An "invitee" is a business visitor who rightfully comes onto the premises of another by invitation, express or implied, for the benefit of the owner. *Gladon v. Greater Cleveland Regional Transit*

*Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287. A licensee is one who enters upon the premises of another, by permission or acquiescence, but not by invitation, for his own convenience. *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 502 N.E.2d 611. An owner of premises owes a business invitee a duty to exercise ordinary care to maintain the premises in a reasonably safe condition so that the invitee is not unreasonably or unnecessarily exposed to danger. *Barnett v. Beazer Homes Investments, L.L.C.*, 180 Ohio App.3d 272, 2008-Ohio-6756, 905 N.E.2d 226, ¶31, citing *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474.

{¶ 32} Matthew claims to be an invitee for three reasons: 1) because the sidewalk was privately owned by Waterford, 2) because his parents pay dues to Waterford as members of the homeowners' association, and 3) because, as the pool life guard (although employed by a separate company), he is conferring some benefit on Waterford.

{¶ 33} Despite Matthew's claim that the sidewalk was privately owned by Waterford, it is generally understood that unless otherwise demonstrated by the evidence, a sidewalk on a public street is presumed to be under the control of the municipality or public authority. *Eichorn v. Lustig's, Inc.* (1954), 161 Ohio St. 11, 117 N.E.2d 436. A property owner is generally not responsible for the disrepair of a sidewalk in front of his premises unless the condition is brought about by the landowner's wrongful conduct. Id. at 13. There is no

evidence in the record to indicate the sidewalk was other than under the control of the municipality.

{¶ 34} Next, in support of his claim that paying association dues makes him an invitee, Matthew cites *Pratt v. Hardest Hts. Assn.* (Dec. 31, 1986), Franklin App. No. 86 AP-318. The *Pratt* court found that the injured member of the homeowners' association, who regularly paid her dues, was a business invitee. However, this case is clearly distinguishable because the victim in *Pratt* was injured at the party center she had rented from the association, a building directly owned and operated by the association for the benefit of only its members. The court reasoned that:

> **"there is a contractual relationship between the parties, because the [victim's] presence and use of the party house was not merely permitted or tolerated but, instead, was a matter of right pursuant to the contractual relationship between the parties, and plaintiff's use was not merely for her interest, convenience or pleasure (although that was involved), but was also for the purpose of defendant association, since one of its purposes was to maintain and provide the party house for use of its members in turn for payment of the monthly fee, a security deposit, and an inspection — cleaning fee."**

{¶ 35} The same cannot be said for the use of a public sidewalk, regardless of its location inside a development.

{¶ 36} Finally, in terms of Matthew's argument that Waterford was conferred a benefit from him while he was riding home on his bicycle on the sidewalk, I find this argument is farfetched. First and foremost, although employees are often invitees of their employer, Matthew was not employed by Waterford, nor was he at the pool premises at the time of his

accident. Moreover, it is true that having a lifeguard at the development's pool does confer a benefit, Matthew was not acting in the scope of his employment at the time of the accident. He was merely a traveler headed home on his bicycle, using the public sidewalk for his convenience. Therefore, I would affirm the grant of summary judgment.