[Cite as *Brosnan v. Heinen's, Inc.*, 2017-Ohio-8402.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105207

## ROBERT BROSNAN, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

## HEINEN'S, INC., ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848888

**BEFORE:** Laster Mays, J., Keough, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANTS**

Stephen G. Thomas
Stephen G. Thomas Co. L.P.A.
100 North Main Street, Suite 235
Chagrin Falls, Ohio 44022


**ATTORNEY FOR APPELLEES**

Patrick M. Roche
Collins, Roche, Utley & Garner, L.L.C.
800 Westpoint Parkway, Suite 1100
Cleveland, Ohio 44145

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant, Robert Brosnan ("Brosnan"), appeals the trial court's grant of summary judgment in favor of defendant-appellee, Heinen's, Inc. ("Heinen's"), on Brosnan's claims for negligence and nuisance. Brosnan's wife, Mary Brosnan, appeals the derivative loss of consortium claim. We affirm.

## I. Background and Facts

{¶2} On August 6, 2013, at approximately 10:15 a.m., 71-year-old Brosnan was walking toward the entrance of the Heinen's grocery store located in Bainbridge Township, Ohio ("store") when he tripped and fell over a raised portion of concrete located in the parking lot near the entrance. At the time of the incident, Brosnan suffered from a detached retina in his right eye, causing limited peripheral vision. After the incident, Brosnan suffered from complete blindness in the right eye.

{¶3} Heinen's refers to the raised area as a curb while Brosnan refers to the area as a tail. For purposes of this case, it is identified as the "edge." Heinen's position is that: (1) the edge is a curb and no defect exists; (2) Brosnan was familiar with the lot and visited weekly; (3) the lighting was sufficient; (4) the traffic was typical; and (5) the edge was open and obvious. Brosnan admitted that he was aware of the existence of the edge because there were similar areas in the parking lot, but he was not paying attention to where he was walking because he was watching for traffic.

**{¶4}**   Brosnan further describes the edge as a "concrete tail" measuring "slightly more than two inches in height," located near the store entrance at Ohio State Highway Route 306.   The edge once served as an "architectural landscaping feature."   Brosnan denies that the edge was open and obvious due to the:   (1) lack of yellow cautionary paint; (2) shadows caused by the angle of sunlight and the building; (3) presence of a speed bump and/or planter impeding visibility of the edge; and (4) distraction caused by vehicles entering and exiting from Route 306 across the access area to the store from the parking lot.   Brosnan contends that these circumstances posed a reasonably foreseeable risk of harm to pedestrians navigating the driveway because the edge was not discernible, served no purpose, and created a tripping hazard for patrons focused on avoiding oncoming traffic near the entrance of the store.

**{¶5}**   Brosnan filed suit on July 28, 2015, against Heinen's and  John Doe placeholders who were dismissed after discovery.   Heinen's moved for summary judgment on August 1, 2016, that was stayed pending the filing of an answer and the completion of discovery.   Brosnan opposed the motion for summary judgment on September 13, 2016, discovery was completed with leave of court, and the trial court granted summary judgment on November 16, 2016.

**{¶6}** The trial court determined:

[I]n construing the evidence in a light most favorable to plaintiffs, [the court] finds that reasonable minds can come to only one conclusion, that the curb in Heinen's parking [lot] on which plaintiff tripped and fell was open and obvious and that there is no evidence of a defective or unsafe condition

in the parking lot that caused plaintiff's fall. Plaintiff's argument that the fact that he was looking out for traffic in the parking lot at the time of his fall constitutes an attendant circumstance fails because he testified that the traffic in the parking lot at the time was not out of the ordinary. *See* plaintiff's deposition transcript pages, 54-55, 70-71, and *Bounds v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989, ¶ 25. He has not established that the traffic in the parking lot at that time was "any different than a shopper would normally encounter in that parking lot." *Id.* Accordingly, there are no genuine issues of material fact that remain to be litigated and defendant Heinen's is entitled to judgment as a matter of law.

**{¶7}** The instant appeal followed.

## II.     Law and Analysis

**{¶8}** Brosnan poses two assigned errors:

I.     The trial court erred in granting summary judgment to the defendant.

II.     The trial court erred in holding that the open and obvious defense remains viable.

**{¶9}** We address the combined errors for purposes of judicial economy. The trial court's findings are affirmed.

### A.     Standard of Review

**{¶10}** We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following is established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for

summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(E).

**{¶11}** The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." *Willow Grove, Ltd. v. Olmsted Twp.*, 8th Dist. Cuyahoga No. 101996, 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 14-15, citing *Dresher.* "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove* at ¶ 15, citing *PNC Bank v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

### B.    Discussion

**{¶12}** Brosnan is required to establish that genuine issues of material fact exist regarding whether:   (1) Heinen's owed Brosnan a duty of care; (2) Heinen's breached the duty; and (3) whether Heinen's breach was the proximate cause of Brosnan's injury. *Bounds v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989, ¶ 10,

citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶13} "Whether a duty exists is a question of law for the court to determine." *Bounds* at ¶ 10, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). There can be no legal liability in the absence of establishing the existence of a duty. *Bounds* at ¶ 10, citing *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989). The "analysis ends and no further inquiry is necessary." *Bounds* at ¶ 10, citing *Gedeon v. E. Ohio Gas Co.,* 128 Ohio St. 335, 338, 190 N.E. 924 (1934).

{¶14} A landowner's duty to those entering their land varies depending on whether the individual is a trespasser, licensee, or business invitee. There is no duty owed to a licensee or trespasser "except to refrain from willful, wanton, or reckless conduct that is likely to" cause injury. *Skowronski v. Waterford Crossing Homeowners' Assn.*, 8th Dist. Cuyahoga No. 96144, 2011-Ohio-3693, ¶ 11, citing *Bae v. Dragoo & Assocs., Inc.,* 156 Ohio App. 3d 103, 2004-Ohio-544, 804 N.E.2d 1007 (10th Dist.).

{¶15} Heinen's responsibility to Brosnan as a business invitee "is to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Skowronski* at ¶ 11, citing *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). There is also a duty to provide safe ingress and egress to and from the premises. *Witt v. Saybrook Invest. Corp.*, 8th Dist. Cuyahoga No. 90011,

2008-Ohio-2188, ¶ 12, citing *Tyrrell v. Invest. Assoc., Inc.*, 16 Ohio App.3d 47, 474 N.E.2d 621 (8th Dist.1984).

**{¶16}**   A business owner has no duty to warn of open and obvious dangers, acting as a complete bar to a claim of negligence.   *Skowronski* at ¶ 19, citing *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088.

> Where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine.  *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306.   A pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not as a matter of law required to look constantly downward.  *Swiger v. Kohl's Dept. Store, Inc.*, 191 Ohio App.3d 629, 2010-Ohio-6230, 947 N.E.2d 232 (2d Dist.).   "Attendant circumstances" may also divert the individual's attention from a hazard and excuse the failure to observe it. *See Hissong v. Miller,* 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161 (2d Dist.).   Moreover, as explained in *Hissong*, "The existence and the obviousness of a danger which allegedly exists on a premises is determined by a fact-specific inquiry and must be analyzed on a case-by-case basis."   (Citation omitted.)

*Skowronski* at ¶ 22.

### 1.      The Two-Inch Rule

**{¶17}**   Brosnan offers that it is almost impossible to present a "bright line" rule due to the "near-infinite potential variability of fact patterns" involved in premises liability claims.   Therefore, Brosnan argues that the two-inch rule, providing that differences in elevation that are less than two inches are generally deemed negligible, has been presented merely to provide guidance in assessing liability in this case.  *See generally Kimball v. Cincinnati*, 160 Ohio St. 370, 116 N.E.2d 708 (1953).   The rule

conversely indicates that an elevation of greater than two inches is indicative of negligence, which is Brosnan's position.

{¶18} Heinen's argues that Brosnan's failure to advance the two-inch rule in the trial court waived presentation on appeal. Our review of Brosnan's motion in opposition to summary judgment does not support Heinen's position. Brosnan's brief supporting his opposition discusses the history of the two-inch rule as described in *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981), that explains the court's prior holdings in *Kimball, supra,* and its progeny, employing the two-inch rule in negligence actions involving municipal sidewalk defects. *Id.* at 321.

{¶19} The inquiry in *Cash* was whether the two-inch rule constituted negligence per se, but the court determined that resolution of that question was not required in the pending case due to distinguishing circumstances:

> We need not disturb the basic rule in order to reverse the Court of Appeals here in that we determine that this case may be reasonably differentiated from *Kimball* and its progeny which dealt only with a difference in the elevation of slabs of a sidewalk, and conclude that jury questions are reasonably raised here, and that all the attendant circumstances should be considered in determining liability for defects in the public walkway occasioning the injuries.

*Id.* at 323-324.

{¶20} The *Cash* court listed a number of contemporaneous factors that could divert one's attention from a defect: (1) traffic signals; (2) traffic flow and pedestrian congestion at a "busy downtown intersection of one of the state's largest cities"; and (3)

that the incident occurred at 11:30 a.m. at the beginning of the lunch period. *Id*. at 324. The court also noted that the less than two-inch depression was 12 to 14 inches wide, and crossed three feet of the sidewalk area. Certain "conditions would tend to increase the danger of such a defect." *Id*. at 324.

{¶21}  Finally, the court refused to adopt a negligence per se dimensional theory and determined that, in both public and private walkway cases, a "rigid dimensional factor should not be paramount in deciding that a jury issue exists." *Id*. at 332.  Instead, courts were advised to focus on all of the "attendant circumstances." *Id*., citing *Smith v. United Properties*, 2 Ohio St.2d 310, 209 N.E.2d 142 (1965).

{¶22}  Brosnan delves further into the rule's history in its appellate brief, citing a case predating *Cash* in *Griffin v. Cincinnati*, 162 Ohio St. 232, 123 N.E.2d 11 (1954), another municipal sidewalk issue with a defect of less than one inch.  *Griffin* agrees that all "attendant circumstances should be taken into consideration," and that the question of "whether a sidewalk is reasonably safe or dangerous for travel does not depend alone upon the matter of elevation or depression." *Id*. at 236.

{¶23} *Griffin* observed that an alleged defect or irregularity may be actionable negligence under some circumstances, requiring presentation to a jury, while under different circumstances, the defect may be legally insignificant. *Id*., citing *Sears v. Greenfield*, 287 Mass. 445, 192 N.E. 1 (1934).  An individual is also responsible to be reasonably observant:

A pedestrian is required to use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision. *Where a defect is clearly discernible from a reasonable distance, the failure to see and avoid it constitutes contributory negligence.*

"One using a sidewalk, crosswalk, street or highway, which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects, such as his observation ought to have detected and avoided."

(Emphasis added.) *Id.* at 238, quoting *Highway Constr. Co. v. Sorna*, 122 Ohio St. 258, 171 N.E. 312 (1930), paragraph one of the syllabus.

{¶24} In *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. Cuyahoga No. 90563, 2008-Ohio-5131, this court addressed the two-inch rule and embraced consideration of attendant circumstances,

[B]usiness owners have no duty to repair a defect measuring two inches or less in height differential unless attendant circumstances exist making it reasonably foreseeable that the defect will cause an injury. *Henry [v. Marriott Hotel Servs., Inc.,* 2d Dist. Montgomery No. 19653, 2003-Ohio-4840]; *see also Jeswald [v. Hutt,* 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), ("[g]enerally, no liability exists for minor imperfections in the surface of such a parking area — those slight irregularities reasonably to be anticipated in any traveled surface"). The presence of dim lighting does not *necessarily* change a minimal sidewalk defect into something creating a greater than normal risk of injury. *Goldshot v. Romano's Macaroni Grill*, 2d Dist. Montgomery No. 19023, 2002-Ohio-2159.

(Emphasis added.) *Id.* at ¶ 23; *see also Skowronski*, 8th Dist. Cuyahoga No. 96144, 2011-Ohio-3693, at ¶ 18.

## 2.  Open and Obvious Doctrine and Defect

**{¶25}** Appellants reject the application of the open and obvious doctrine to cases involving the two-inch rule, and propose a novel, two-step process for analyzing exterior pedestrian trip and fall cases due to the vast range of fact patterns. First, the court would determine whether the open and obvious doctrine applies. If the answer is affirmative, the question is: how does the injured party's failure to see the hazard affect the analysis?

**{¶26}** While we find appellants' proposal to be well-considered, we decline to adopt the recommendation. It is precisely because of the numerous factual variations in slip-and-fall cases that courts have elected to prioritize examination of the attendant circumstances while embracing a two-inch rebuttable presumption rule. *See Gates* at ¶ 23. We reiterate that there is no per se dimensional standard for negligence in trip-and-fall cases simply because of the range of fact situations. *Cash*, 66 Ohio St.2d at 332, 421 N.E.2d 1275.

**{¶27}** In *Gates*, we disagreed with appellants that application of the open and obvious doctrine and two-inch rule is incongruous:

> Appellants argue that the defect cannot be both "open and obvious" and "trivial." However, we agree that the open and obvious doctrine and the two-inch rule regarding height differentials in pavement can co-exist and that "[a]lthough the rule and the doctrine are not the same, they share a key characteristic insofar as they both relieve a landowner of a duty to warn of certain potential hazards." *Henry v. Marriott Hotel Servs., Inc.*, 2d Dist. Montgomery No. 19653, 2003-Ohio-4840.

*Gates*, 8th Dist. Cuyahoga No. 90563, 2008-Ohio-5131, at ¶ 19, fn. 5.

{¶28} "[I]t is incumbent upon the plaintiff to identify or explain the reason for the fall." *Stamper v. Middletown Hosp. Assoc.*, 65 Ohio App.3d 65, 582 N.E.2d 1040 (12th Dist.1989). While appellants alternately characterize the edge as an "artifact" and a "tail," Heinen's argues that the edge is not a defect, it's a curb. The term "defect" is not so narrowly defined. A defect may be present where the object that caused the injury failed to "operate as intended due to a perceivable condition or if the instrumentality contained a perceivable imperfection that impaired its worth or utility." *Jacobs v. Oakwood*, 8th Dist. Cuyahoga No. 103830, 2016-Ohio-5327, ¶ 16, citing *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 22 (5th Dist.).

{¶29} Heinen's relies on this court's decision in *Alvarado v. Cinemark United States*, 8th Dist. Cuyahoga No. 81702, 2003-Ohio-881. Alvarado tripped over a parking lot curb when leaving the Cinemark theater and sued for negligence in maintaining the premises.

{¶30} We concluded that Alvarado's testimony that he did not see the curb in the poorly illuminated parking lot did not constitute negligence because the curb was open and obvious. "[A]ppellant's inability to undertake a common and ordinary task such as negotiating a curb en route to an adjacent parking lot was the proximate cause of his injury or, at the very least, that appellant's negligence was greater than that of Cinemark's." *Id*. at ¶ 12.

**{¶31}** We note here that our analysis in *Alvarado* was based on viewing the open and obvious doctrine "not in terms of the duty owed but rather in terms of causation." *Id*. at ¶ 10. Faced with similar analyses by other jurisdictions, the Ohio Supreme Court clarified the doctrinal issues of duty versus causation:

> The courts analyzing the open-and-obvious nature of the hazard as an element of comparative negligence focus on whether the plaintiff's negligence in confronting an open-and-obvious danger exceeds any negligence attributable to the defendant. *See, e.g.*, *Kloes v. Eau Claire Cavalier Baseball Assn., Inc*., 170 Wis.2d 77, 87, 487 N.W.2d 77 (1992). Under this approach, the open-and-obvious rule does not act as an absolute defense. Rather, it triggers a weighing of the parties' negligence. *Id*.
>
> What these courts fail to recognize is that the open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property. By failing to recognize the distinction between duty and proximate cause, we believe that these courts have prematurely reached the issues of fault and causation. * * *

*Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 10-11.

**{¶32}** The *Armstrong* court confirmed that "the open-and-obvious doctrine remains viable in Ohio," abrogating the landowner's duty of care. *Id*. at ¶14.

> [W]hen courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.

*Id*. at ¶ 13.

**{¶33}**   Brosnan offers that a number of attendant circumstances create a genuine issue of material fact as to whether the danger was open and obvious.  A number of evidentiary photographs were taken after Heinen's repaved the parking lot shortly after the incident.[1]   Brosnan testified at his deposition that the asphalt was not "fresh" and was "grayish" in color, unlike the post-paving photographs, so that the lack of contrast between the edge and paving that existed at the time of the incident is not accurately depicted.   The edge and parking dividers remained after resurfacing, but the added layer of asphalt effectively reduced the height of the edge so that it appeared in the photographs to be less than two inches high.

**{¶34}**    Approaching the store from a southerly direction, Brosnan stepped onto a parking area divider that he described as a "bumper strip" that was approximately four inches tall and saw a large triangular planter to his left, and a parking divider on his right.

**{¶35}** Due to the close proximity of the parking divider to the edge,  Brosnan observed it only momentarily as he stepped forward, simultaneously checking the lanes for oncoming traffic, and tripped on the edge, which Brosnan stated was at least two inches in height at the time. The edge paralleled a portion of the perimeter aligning the two lanes of traffic providing ingress and egress to the store parking area.

**{¶36}** There is no dispute that Brosnan was required to cross the edge to access the store.   The weather was bright and sunny, and Brosnan alleged the edge blended with the

---

[1]    Heinen's accepted a proposal to resurface the lot in May 2013, but work

concrete. Brosnan claimed that he did not expect the edge to be there as it served no purpose. Brosnan argues that Heinen's should have painted the edge yellow to make it visible, and points to the Heinen's location in Pepper Pike, which employs yellow painted dividers and curbs, to demonstrate Heinen's knowledge that such areas should be differentiated from the asphalt.

{¶37} The trial court below determined that: (1) the edge was open and obvious, (2) there was no evidence that a defective or unsafe condition in the parking lot caused the fall; and (3) the traffic in the parking lot was not any different than a customer would normally encounter. Brosnan contests the trial court's reliance on *Bounds,* 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989.

{¶38} In *Bounds,* we held that a trip and fall in a parking lot with potholes and traffic did not create a situation that would relieve an individual from exercising ordinary care under the circumstances. *Id.* at ¶ 25. However, we also stated that an accurate assessment required consideration of "all facts relating to the event, such as time, place, surroundings or background, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." *Id.,* citing *Menke v. Beerman*, 12th Dist. Butler No. CA97-09-182, 1998 Ohio App. LEXIS 868 (Mar. 9, 1998).

---

did not commence until September 2013, after the incident.

**{¶39}** Conceding that the term "attendant circumstances" is difficult to define, we explained in *Bounds* that,

> [T]hey generally include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.' *Klauss* [*v. Marc Glassman, Inc*., 8th Dist. Cuyahoga App. No. 84799, 2005-Ohio-1306], citing *McGuire v. Sears, Roebuck and Co.,* 118 Ohio App.3d 494, 693 N.E.2d 807 (1996).

*Id.* at ¶ 24.

### III.    Conclusion

**{¶40}** Considering the attendant circumstances in this case, and construing the evidence in favor of Brosnan, we find that there are no genuine issues of material fact requiring jury resolution.   The trial court's reliance on *Bounds* is appropriate.   The evidence does not rebut the trial court's conclusions that:    the edge was open and obvious; there was no evidence that a defective or unsafe condition in the parking lot caused the fall; and the traffic in the parking lot was no different than a customer would normally encounter.   These conclusions are bolstered by Brosnan's admission that he was very familiar with the parking lot conditions, visited the store often, and that he was paying attention to the traffic and not the edge.

**{¶41}**   We find that the assigned errors in this case lack merit.

**{¶42}**    The trial court's judgment is affirmed.

It is ordered that the appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
TIM McCORMACK, J., CONCUR