[Cite as *Feorene v. Barney*, 2012-Ohio-3461.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97753**

## BARBARA FEORENE

PLAINTIFF-APPELLANT

vs.

## ROBERT C. BARNEY, DVM, INC.

DEFENDANT-APPELLEE

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740482

**BEFORE:** Stewart, P.J., Celebrezze, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANT**

John P. Hildebrand, Sr.
John P. Hildebrand Co., LPA
21430 Lorain Road
Fairview Park, OH    44126


**ATTORNEYS FOR APPELLEE**

Joyce V. Kimbler
50 S. Main Street, Suite 502
Akron, OH    44308

Richard A. Dilisi
Lakeside Place, Suite 410
323 Lakeside Avenue, West
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

**{¶1}** Plaintiff-appellant Barbara Feorene appeals from the trial court's grant of summary judgment in favor of defendant-appellee Robert C. Barney, DVM, Inc., in a case involving personal injuries to Feorene after she tripped and fell on a public sidewalk. For the following reasons, we affirm.

**{¶2}** The record reveals that Feorene was en route to her daughter's home when she tripped and fell on a sunken sidewalk slab adjacent to Barney's office and a city of Lakewood fire station. The trip hazard was an uneven sidewalk joint, approximately two inches in elevation.

**{¶3}** Feorene filed an action alleging that Barney's negligent maintenance of the public sidewalk abutting his property caused her serious and permanent injuries and damages that included medical expenses and lost income. Barney answered and claimed that he had no knowledge of the sidewalk defect, that he had not been cited for such a violation by the city, and that he did not exercise ownership and control over the portion of the sidewalk where Feorene fell.

**{¶4}** Barney filed a motion for summary judgment and relied primarily upon a boundary survey conducted by a professional land surveyor revealing that the deviated sidewalk was located on the city fire department's property, approximately two inches from his property line. Barney also filed the affidavit of his office manager, Pauline

Baran, who stated that no one affiliated with Barney's office was aware of the sidewalk defect until the business was cited by the city after Feorene's fall.

{¶5} In her brief in opposition to Barney's motion for summary judgment, Feorene attached an architect's preliminary expert witness report and opinion stating that the "flawed physical condition" of Barney's sidewalk contributed to Feorene's injuries. The trial court granted Barney's motion for summary judgment, stating in pertinent part that: "plaintiff's injury did not occur on defendant's property and plaintiff's expert report does not cite or refute defendant's property survey * * *."

{¶6} In her sole assignment of error, Feorene argues that the trial court erred in granting summary judgment because genuine issues of material fact remain as to Barney's duty to exercise reasonable care in maintaining his property to prevent foreseeable injury.

{¶7} An appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can conclude only that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶8} A plaintiff's burden in an action for negligence includes the necessity of demonstrating a duty, breach of that duty, proximate cause, and damages. *Tyler v. Cleveland*, 129 Ohio App.3d 441, 444, 717 N.E.2d 1175 (8th Dist.1998).

**{¶9}** However, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises [when] * * * the condition itself * * * absolves the property owner from taking any further action to protect the plaintiff." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13.

**{¶10}** As a general rule, an abutting landowner owes pedestrians no duty of care for the condition of a public sidewalk. *Terry v. SMJ Growth Corp.*, 8th Dist. No. 79730, 2001 WL 1612096, at *2 (Dec. 13, 2001), citing *Eichorn v. Lustig's, Inc.*, 161 Ohio St. 11, 13, 117 N.E.2d 436 (1954). Three exceptions to the general rule of no liability are:

> 1) where a statute or ordinance imposes a specific duty to keep the adjoining sidewalk in good repair; 2) where the landowner affirmatively creates or negligently maintains the defective or dangerous condition; or 3) where the owner negligently permits the defective condition to exist for a private use or benefit.

*Holt v. Holmes,* 6th Dist. No. L-10-1363, 2011-Ohio-5904, ¶ 19, citing *Crowe v. Hoffman*, 13 Ohio App.3d 254, 255-256, 468 N.E.2d 1120 (6th Dist.1983).

**{¶11}** Section 903.10 of the Lakewood Codified Ordinances states in pertinent part that:

> (c) [t]he property owner whose property abuts any sidewalk shall be primarily responsible for the repair and maintenance of such sidewalk * * * [and] any hole or defect that is a tripping hazard or that is capable of causing injury, * * * shall be repaired by the abutting property owner within a reasonable period of time from which the property owner should have known the necessity of such repair through the exercise of due diligence, or within such time as may be determined as reasonable [by the city] * * * (2) [t]he failure of a property owner to reasonably repair such defect * * * shall be considered a negligent act as a matter of law, and the property owner shall be liable for any injury resulting from such defect.

**{¶12}** The local ordinance expressly obligates Barney to maintain the sidewalk in front of his property so that it is free from conditions that have a potential to cause injury, and makes him liable for injuries resulting from the failure to do so. However, we have held that

> [w]here a municipality enacts an ordinance imposing liability on a property owner for damages sustained by third parties for an owner's failure to comply with that ordinance, and where that municipality fails to provide the owner with notice of its violation, the ordinance may not be relied upon to impose liability on the owner.

*Hughes v. Kozak*, 8th Dist. No. 69007, 1996 WL 75707, at *4 (Feb. 22, 1996), citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 119 N.E.2d 440 (1954); *see also Elkins v. Lakewood*, 8th Dist. No. 73778, 1998 WL 827604, at *2 (Nov. 25, 1998).

**{¶13}** Feorene does not rebut the fact that the city did not issue Barney a citation for the sidewalk until well after Feorene had fallen. Barney, therefore, cannot be held liable pursuant to the ordinance. The first exception to the general rule of no liability is inapplicable.

**{¶14}** To establish the second exception to the general rule, Feorene must demonstrate that Barney affirmatively created or negligently maintained the defective sidewalk. The record demonstrates that Feorene identified the uneven sidewalk joint as the cause of her accident by placing an "X" on a photograph depicting the sidewalk defect. A boundary survey contained in the record indicates that the sidewalk trip hazard was located on the portion of the sidewalk that abutted the Lakewood fire station. Nevertheless, Feorene does not allege that Barney created the defective sidewalk

condition, but instead argues that Barney owed a duty to maintain his property to prevent a foreseeable injury that might occur on the adjoining property.

{¶15} A photograph in the record shows that the offset defect in the sidewalk measures two inches in depth. "Courts have developed the 'two-inch rule,' which provides that a difference in elevation of two inches or less in height between two adjoining portions of sidewalk or walkway is considered insubstantial as a matter of law and thus is not actionable." *Gordon v. Dziak*, 8th Dist. No. 88882, 2008-Ohio-570, ¶ 41, citing *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 646 N.E.2d 198 (2d Dist.1994).

{¶16} However, attendant circumstances may make an insubstantial defect actionable if it is reasonably foreseeable that an insubstantial defect will cause an injury. *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. No. 90563, 2008-Ohio-5131, ¶ 23. "The attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants." *Boros v. Sears, Roebuck & Co.*, 8th Dist. No. 89299, 2007-Ohio-5720, ¶ 15. "Attendant circumstances may include the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." *Armstrong v. Meade*, 6th Dist. No. L-06-1322, 2007-Ohio-2820, ¶ 14.

{¶17} While Feorene's expert's report asserts that her "attention was demanded by the surrounding traffic environment, preventing her from more carefully scrutinizing the

sidewalk," this attendant circumstance, standing alone, is insufficient to demonstrate that her ability to observe the uneven pavement was impeded. The deviation in the sidewalk section was open and obvious because the potential danger was "neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection." *Lydic v. Lowe's Cos., Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. A pedestrian has a principal duty to look where she may be walking. *Backus v. Giant Eagle, Inc*., 115 Ohio App.3d 155, 158, 684 N.E.2d 1273 (7th Dist.1996).

{¶18} Feorene offers conclusory statements that Barney had actual or constructive notice of the sidewalk defect. However, she offers nothing to suggest that Barney created the sidewalk deviation. Furthermore, nothing in the record suggests that Barney knew of the sidewalk defect, and Baran's affidavit stating that no one at the office had knowledge of any problem with the sidewalk stands unrebutted. Conclusory allegations alone are insufficient to overcome a motion for summary judgment that is properly supported. *H&H Properties v. Hodkinson*, 10th Dist. No. 10AP-117, 2010-Ohio-5439, ¶ 11. In any event, "[i]n cases of trivial or insubstantial sidewalk defects as a matter of law, the issue of the landowner's notice of the defective condition is irrelevant." *Simmons v. Plaza View, Inc.*, 7th Dist. No. 98 CA 61, 1999 WL 1138577, at *3 (Dec. 9, 1999), citing *Jones v. H. & T. Ents.*, 88 Ohio App.3d 384, 390, 623 N.E.2d 1329 (9th Dist.1993). Feorene fails to demonstrate that the second exception applies.

**{¶19}** The third exception to the general rule of no liability is inapplicable to the case at bar because Feorene has not alleged that Barney negligently permitted the defective condition to exist for any private use or benefit.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR