[Cite as *Kelly v. Drosos*, 2013-Ohio-2535.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98974

# KEVIN KELLY

PLAINTIFF-APPELLANT

vs.

# PERICLES DROSOS

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-757585

**BEFORE:** Kilbane, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEYS FOR APPELLANT**

Christian R. Patno
Nicholas M. Dodosh
Susan C. Stone
McCarthy, Lebit, Crystal & Liffman
101 West Prospect Avenue
Suite 1800
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Todd M. Haemmerle
Jamie A. Price
Gallager Sharp
6th Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio     44115

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Kevin Kelly ("Kelly"), appeals from the order of the trial court that awarded summary judgment to defendant, Pericles Drosos ("Drosos"), in Kelly's action for injuries he sustained after he tripped and fell on a public sidewalk. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

{¶2} On September 7, 2009, Kelly exited Pug Mahones at 17621 Detroit Avenue, Lakewood. He tripped and fell, dislocating and fracturing his elbows. Kelly filed a complaint against Drosos,[1] owner of the building, alleging that the sidewalk and brick pavers in front of Pug Mahones had a defect, in excess of two inches, and that Drosos negligently failed to repair the defect, in violation of common law duties and Section 903.10 of the Lakewood Codified Ordinances.

{¶3} Drosos denied liability and moved for summary judgment on July 16, 2012, supported by the deposition testimony of Drosos, Kelly, and Lakewood Police Officer Donald Mladek ("Mladek"). In relevant part, Drosos presented evidence that Kelly was given permission to enter Pug Mahone's after closing so that he could use the restroom, that a police officer who arrived on the scene and spoke with Kelly detected a strong odor

---

[1]Kelly also sued Droshow, L.L.C., but later dismissed his claim against this entity.

of alcohol, Kelly had slurred speech and bloodshot eyes, that Kelly stated that he didn't know what he had tripped on, and that Drosos had no prior notice of the defect and was not liable under *Elkins v. Lakewood*, 8th Dist. No. 73778, 1998 Ohio App. LEXIS 5585, at *2 (Nov. 25, 1998).

{¶4} In opposition, Kelly presented evidence that the area where he fell is a tripping hazard because there are missing and protruding brick pavers in excess of two inches. Kelly also presented an affidavit from the property manager of a nearby parcel who averred that the defect has existed for at least four years. Kelly also presented evidence that the location was dimly lit, and that Kelly was unaware of the defect as he exited Pug Mahones.

{¶5} On September 17, 2012, the trial court awarded Drosos summary judgment. In support of its decision, the court cited to this court's decision in *Feorene v. Robert C. Barney, DVM, Inc.*, 8th Dist. No. 97753, 2012-Ohio-3461. In this case, the court applied Section 903.10 of the Lakewood Codified Ordinances and concluded that summary judgment was properly awarded to the defendant where the city did not cite the defendant for a defective sidewalk until after the incident at issue, the defect was two inches, and there was no evidence that the defendant affirmatively created or negligently maintained the defective sidewalk.

{¶6} Kelly now appeals, assigning the following errors for our review:

Assignment of Error 1

The trial court erred in not finding that Appellee was negligent per se for violating Lakewood Codified Ordinance Section 903.10 because Appellee knew or should have known that the sidewalk he was responsible for was defective and failed to reasonably repair the defects in the sidewalk.

Assignment of Error 2

The trial court erred in granting Appellee's Motion for Summary Judgment as genuine issues of fact exist as to whether Appellee is liable for having actual or constructive notice of a defect in a public sidewalk negligently maintained in excess of two (2) inches that caused injury to Kelly.

{¶7} With regard to procedure, we note that a reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse

to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶9} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a genuine triable issue exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶10} With regard to the substantive law, we note in order to establish a claim of negligence, a plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. Thus, it is incumbent upon the plaintiff to identify a negligent act or omission. *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040 (12th Dist.1989).

{¶11} Normally, the owner of property that abuts a public sidewalk is not liable for injuries sustained by pedestrians using the sidewalk because the duty to keep streets, including sidewalks, in repair rests upon municipalities and not upon the abutting owners. *Allen v. Rankin*, 4th Dist. No. 12CA10, 2013-Ohio 456; *Morgan v. Gracely*, 4th Dist. No. 05CA36, 2006-Ohio-2344, ¶ 9; *Feorene,* 8th Dist. No. 97753, 2012-Ohio-3461. In *Feorene*, this court recognized the following three exceptions to that no-duty rule:

> (1) where a statute or ordinance imposes a specific duty to keep the adjoining sidewalk in good repair; (2) where the landowner affirmatively

creates or negligently maintains the defective or dangerous condition; or (3) where the owner negligently permits the defective condition to exist for a private use or benefit.

{¶12} As to the first exception, the instant matter, like *Feorene*, involves Section 903.10 of the Lakewood Codified Ordinances, which provides in pertinent part that

> [t]he property owner whose property abuts any sidewalk shall be primarily responsible for the repair and maintenance of such sidewalk * * * [and] any hole or defect that is a tripping hazard or that is capable of causing injury, * * * shall be repaired by the abutting property owner within a reasonable period of time from which the property owner should have known the necessity of such repair through the exercise of due diligence, or within such time as may be determined as reasonable [by the city] * * * (2) [t]he failure of a property owner to reasonably repair such defect * * * shall be considered a negligent act as a matter of law, and the property owner shall be liable for any injury resulting from such defect.

{¶13} This ordinance expressly obligates the landowner to maintain the sidewalk in front of his property so that it is free from conditions that have a potential to cause injury and makes him liable for injuries resulting from the failure to do so if the municipality has provided the owner with prior notice of its violation.

{¶14} In this matter, the city did not issue Drosos a citation for the sidewalk until well after Kelly had fallen, so the first exception to the general rule of no liability is inapplicable. *Feorene* at ¶ 12-13. Accordingly, the trial court properly determined that Kelly failed to demonstrate the existence of a genuine issue of material fact as to whether Drosos is liable under Section 903.10 of the Lakewood Codified Ordinances. Therefore, the first assignment of error is without merit.

{¶15} Turning to the remaining exceptions to the general rule, the *Feorene* court explained that the plaintiff must demonstrate that the defendant affirmatively created or negligently maintained the defective sidewalk, or that the defendant negligently permitted the defective condition to exist for a private use or benefit. In affirming the award of summary judgment to the defendant, the *Feorene* court held that plaintiff's evidence was insufficient to create a genuine issue of material fact for trial. The court stated:

> Feorene does not allege that Barney created the defective sidewalk condition, but instead argues that Barney owed a duty to maintain his property to prevent a foreseeable injury that might occur on the adjoining property.
>
> * * *
>
> Feorene offers conclusory statements that Barney had actual or constructive notice of the sidewalk defect. However, she offers nothing to suggest that Barney created the sidewalk deviation. Furthermore, nothing in the record suggests that Barney knew of the sidewalk defect, and Baran's affidavit stating that no one at the office had knowledge of any problem with the sidewalk stands unrebutted. Conclusory allegations alone are insufficient to overcome a motion for summary judgment that is properly supported.

{¶16} In this matter, however, Kelly has presented an affidavit from a nearby property owner, Lillian Prijatel, who averred as follows:

> 3. As a property manager, it is my responsibility to inspect my property where I work and make sure it is maintained and safe inside as well as outside. This includes the public area sidewalk.
>
> 4. Since around * * * 2005, I noticed the condition of the sidewalk and brick pavers in front of Pug Mahones in a defective condition. Brick pavers were often out of place and very uneven. In addition, the sidewalk has a large rise in elevation in excess of two inches since 2005. Attached *

* * is a photo that shows the sidewalk elevation I observed existed since 2005.

5. As a property manager, I was concerned that the condition of the sidewalk posed a tripping hazard to people walking through the area. If it had been my area of responsibility, I would have seen it was repaired as soon as possible.

{¶17} From the foregoing, we conclude that this matter is distinguishable from this court's analysis of the second and third exceptions to the general no-duty rule as presented in *Feorene*, 8th Dist. No. 97753, 2012-Ohio-3461. In this matter, Kelly has presented evidence to create a genuine issue of material fact as to whether a substantial defect has existed since 2005, and that it presented a foreseeable danger to pedestrians. Kelly's evidence created a genuine issue of material fact as to whether Drosos negligently maintained the premises. Accordingly, the second assignment of error is well taken.

{¶18} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
PATRICIA A. BLACKMON, J., CONCUR