[Cite as *Parrish v. Hayes*, 2015-Ohio-5387.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LINDA G. PARRISH | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26752 |
| | : | |
| v. | : | T.C. NO. 14CV5727 |
| | : | |
| REGINALD HAYES, et al. | : | (Civil appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of ____December____, 2015.

. . . . . . . . . .

SEAN BRINKMAN, Atty, Reg. No. 0088253 and AARON G. DURDEN, Atty. Reg. No. 0039862, 10 W. Monument Avenue, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellant

JONATHON L. BECK, Atty. Reg. No. 0076709 and JOANNA M. LENEFONTE, Atty. Reg. No. 0090480, 130 W. Second Street, Suite 2000, Dayton, Ohio 45402
        Attorneys for Defendants-Appellees Reginald Hayes and Charie L. Hayes

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Linda Parrish, filed July 6, 2015. Parrish appeals from the June 16, 2015 "Decision, Order and Entry Sustaining the Motion for Summary Judgment of Defendant, Reginald Hayes." We hereby affirm the judgment of the trial court.

{¶ 2} On October 6, 2014, Parrish filed a complaint against Reginald Hayes, alleging that Hayes owns a residence located at 3656 Denlinger Road in Trotwood, that he "negligently maintained the premises," namely a public sidewalk, and that on March 21, 2014, Parrish sustained serious injuries as a result of a fall on the sidewalk. The complaint provides that at "the time and place of the incident complained of herein, the plaintiff was walking on the public sidewalk of the property of the defendant as a licensee." Hayes answered the complaint on November 6, 2014, admitting that he owns the Denlinger Road property and asserting 17 affirmative defenses. On March 3, 2015, Parrish filed a motion to amend her complaint to include Charie L. Hayes and United Healthcare Services, Inc. ("U.H.S.") as necessary parties. The court granted the motion to amend, and the Hayes answered the amended complaint on March 26, 2015. U.H.S. was subsequently dismissed from the action.

{¶ 3} On April 17, 2015, the Hayes filed a Motion for Summary Judgment, arguing in part as follows:

> * * * (1) Defendants did not breach a duty to refrain from willfully or wantonly injuring Plaintiff, a licensee on a public sidewalk; (2) Defendant Charie Hayes is not an owner or renter of the premises where the alleged slip and fall occurred and therefore cannot be liable; and (3) a wife is not liable for the alleged acts of her spouse, because they are married.

The Hayes further asserted that they are "also not liable to Plaintiff[] for violation of any statutorily imposed duties."

{¶ 4} Attached to the motion for summary judgment is a general warranty deed conveying the Denlinger property to "REGINALD A. HAYES, A MARRIED MAN." Also

attached are photos of the sidewalk where the injury occurred, and copies of Trotwood Ordinances Sections 521.06, "Duty to Keep Sidewalks in Repair and Clean"; Section 903.01, "Supervision, Specification"; Section 903.02, "Notice to Construct or Repair; Service"; Section 903.03 "Remedy for Noncompliance"; and Section 903.04, "Construction of Repair Time Period."

{¶ 5} Also in support of their motion, the Hayes filed Parrish's March 10, 2015 deposition. Therein, Parrish testified that she resides in Trotwood, and that her date of birth is December 15, 1953. She stated that she receives Social Security and disability income, having had five knee replacement surgeries and three back surgeries. She stated that on March 21, 2014, when she sustained her injuries, the weather was "[b]eautiful" and "[s]unny," and that the ground was dry. Parrish stated that she tripped and fell between 4:00 and 4:30 p.m., while she "was out walking for exercise." She stated that she walked from her home at 4883 Thorain Court, that her home is about a half mile from the Hayes' address, and that she has previously walked the same route. She testified that the accident happened on the sidewalk, and that she has never previously fallen there. Parrish stated that she wore "a pair of knee length pants and T-shirt with gym shoes," and that the temperature was about 65 degrees. She stated that she "was free of pain" at the time and had no difficulty walking. Parrish stated that her eyesight is good, that she has no vision problems, and that she was wearing sunglasses. Parrish testified that her cell phone was in her pocket and she was not using it. Parrish stated that she was not listening to any music, and she was not eating anything.

{¶ 6} Parrish testified as follows:

I was walking along. The sidewalk is elevated near the street side.

My right, left foot hit the curb, hit the elevation and when it hit the elevation, I stumbled and in my stumbling, trying to keep from falling, I fell; and when I fell, I fell forward and I fell on this right arm/hand, also on the palm of the left hand when I fell. Fractured the right hand and tore my rotator cuff and a tendon in the left shoulder.

Parrish stated that her whole body hit the ground in the fall, and that she had large bruises on her right breast and under her left forearm. She stated that her left knee was scraped. Parrish stated that the fall aggravated a condition in her lumbar spine due to her previous back surgeries.

{¶ 7} Parrish identified photos of the sidewalk where her injuries occurred. She testified that at the time of her injuries, her view of the sidewalk was unobstructed. The following exchange occurred:

Q. Was there anything else nearby that might have distracted you and kept you from seeing that part of the sidewalk that you tripped on?

A. No, I wasn't looking down.

Q. Just weren't looking down?

A. I was looking ahead.

Q. Had you been looking down do you think you might have seen it?

A. Yes.

Q. Stepped over it?

A. Yes.

* * *

Q. Are you familiar at all with the rules for sidewalk maintenance of Trotwood?

A. Yes.

Q. How did you become familiar, because of this lawsuit or some other reason?

A. No. I became familiar with this because when I moved there they came around, the city zoning came around and they marked everyone's sidewalks and we were to get out, if our sidewalks were elevated at all we were to have the sidewalks replaced and - -

\* \* \*

A. - - if we did not have them replaced the city was going to do it and put it on our taxes for the pavement.

Parrish stated that the city marks the sidewalks in need of repair with white chalk, and at the time she fell the sidewalk at issue was not marked.

{¶ 8} Parrish stated that about three minutes after she fell, a former neighbor, Peggy Bond, arrived in her car and parked in a nearby driveway, having seen Parrish on the ground. Parrish stated that she "was hurting so bad I couldn't do anything." Parrish stated that Bond took her home, and that another neighbor took her to the hospital. Parrish stated that her shoulder hurt, and that her right hand was painful, swollen, and blue in color. She stated that her right hand was put into a cast, and that she got a new cast three days later at "the wound center." Parrish stated that she went to Good Samaritan North for therapy for her hand. She stated that she had surgery for her rotator cuff injury on August 11, 2014, followed by physical therapy.

{¶ 9} On April 30, 2015 Parrish opposed the motion for summary judgment and filed an affidavit. Attached to her response to the motion are Reginald Hayes' responses to her first set of interrogatories. Parrish asserted that the Hayes breached a duty to her and that they are not entitled to summary judgment, in reliance upon *Kelly v. Drosos*, 8th Dist. Cuyahoga No. 98974, 2013-Ohio-2535. Therein the Eighth District reversed and remanded the trial court's grant of summary judgment in favor of Pericles Drosos in Kevin Kelly's action for injuries he sustained after a fall on a public sidewalk. Kelly sued Drosos, the owner of a building abutting the sidewalk, alleging that the sidewalk and pavers "had a defect, in excess of two inches, and that Drosos negligently failed to repair the defect, in violation of common law duties and Section 903.10 of the Lakewood Codified Ordinances." *Id.*, ¶ 2. In the course of the accident, Kelly was exiting "Pug Mahones," and Drosos "presented evidence that Kelly was given permission to enter Pug Mahone's [sic] after closing so that he could use the restroom, that a police officer who arrived on the scene and spoke with Kelly detected a strong odor of alcohol, * * * that Kelly stated that he didn't know what he tripped on, and that Drosos had no prior notice of the defect and was not liable" pursuant to *Elkins v. Lakewood*, 8th Dist. Cuyahoga No. 73778, 1998 WL 827604 (Nov. 25, 1998). *Kelly,* ¶ 3. Kelly in turn presented evidence that "the area where he fell is a tripping hazard because there are missing and protruding brick pavers in excess of two inches. Kelly also presented an affidavit from the property manager of a nearby parcel who averred that the defect existed for at least four years." *Id.*, ¶ 4. Kelly further "presented evidence that the location was dimly lit, and that Kelly was unaware of the defect as he exited Pug Mahones." *Id.*

{¶ 10} The trial court awarded summary judgment to Drosos in reliance upon

*Feorene v. Barney, DVM, Inc.*, 8th Dist. Cuyahoga No. 97753, 2012-Ohio-3461, wherein the "Court applied Section 903.10 of the Lakewood Codified Ordinances and concluded that summary judgment was properly awarded to the defendant where the city did not cite the defendant for a defective sidewalk until after the incident at issue, the defect was two inches, and there was no evidence that the defendant affirmatively created or negligently maintained the defective sidewalk." *Kelly*, ¶ 5.

{¶ 11} In reversing the trial court, the Eighth District initially noted that normally, "the owner of property that abuts a public sidewalk is not liable for injuries sustained by pedestrians using the sidewalk because the duty to keep streets, including sidewalks, in repair rests upon municipalities and not upon the abutting owners," citing in part *Feorene*. The court noted that in *Feorene*, it recognized "three exceptions to that no-duty rule," namely "(1) where a statute or ordinance imposes a specific duty to keep the adjoining sidewalk in good repair; (2) where the landowner affirmatively creates or negligently maintains the defective or dangerous condition; or (3) where the owner negligently permits the defective condition to exist for a private use or benefit." *Kelly*, ¶ 11.

{¶ 12} The court noted that the applicable municipal ordinance, Section 903.10, as in *Feorene*, "expressly obligates the landowner to maintain the sidewalk in front of his property so that it is free from conditions that have a potential to cause injury and makes him liable for injuries resulting from the failure to do so if the municipality has provided the owner with prior notice of its violation." *Kelly*, ¶ 13. The Court noted that "the city did not issue Drosos a citation for the sidewalk until well after Kelly had fallen, so the first exception to the general rule of no liability is inapplicable." *Id.*, ¶ 14. The Court concluded that "the trial court properly determined that Kelly failed to demonstrate the existence of

a genuine issue of material fact as to whether Drosos is liable under Section 903.10 of the Lakewood Codified Ordinances." *Id.*

{¶ 13} In considering the remaining two exceptions to the no-duty rule, the Eighth District noted that "the *Feorene* court explained that the plaintiff must demonstrate that the defendant affirmatively created or negligently maintained the defective sidewalk, or that the defendant negligently permitted the defective condition to exist for a private use or benefit." *Id.*, ¶15. The court noted that while Feorene presented merely conclusory statements regarding Barney's notice of the defect in the sidewalk, and no evidence that Barney created the defect, making summary judgment appropriate therein, in contrast, Kelly presented the affidavit from a nearby property owner that the defect in the sidewalk existed for four years, thereby creating "a genuine issue of material fact as to whether a substantial defect has existed since 2005, and that it presented a foreseeable danger to pedestrians." In other words, "Kelly's evidence created a genuine issue of material fact as to whether Drosos negligently maintained the premises." *Id.*, ¶ 17.

{¶ 14} In reliance upon Hayes' interrogatory responses and her own affidavit, Parrish argued as follows:

> In the present case, a reasonable person could determine Defendants negligently maintained the sidewalk in front of their property and the defective condition of the sidewalk created a foreseeable danger to pedestrians. Similarly to *Kelly* where the condition existed for four (4) years, Defendant Reginald Hayes knew the sidewalk elevation was uneven. Defendant Reginald Hayes noticed the sidewalk in front of his property was uneven on or before March 21, 2014 when he shoveled snow. (Def.'s Resp.

to Interrogs. at ¶9). Defendant Reginald Hayes also "examined the sidewalk days prior to the incident in question and the day of the incident." (Def. Response to Interrogatories at ¶8). Additionally, photographs establish that Defendants negligently maintained the sidewalk because a portion of the sidewalk is elevated, (Affidavit of Linda Parrish at Pl. Exs. 1-3), including photographs produced by Defendant in response to Requests for Production of Documents, (Affidavit of Linda Parrish at Pl. Exs. 2-3). The photographs accurately depict the condition of the sidewalk at the time of Ms. Parrish's trip and fall. (Parrish Aff. at ¶5.) Therefore, based on the evidence, a reasonable person could determine Defendants negligently maintained the sidewalk in front of their property.

{¶ 15} Finally, Parrish asserted that "in Ohio, a person automatically receives a dower interest, regardless of whether they are listed on the deed, whenever their spouse buys real property," and that Charie Hayes owns an interest in the property. According to Parrish, Charie Hayes "owed a duty to maintain the sidewalk abutting the Property, and is not entitled to judgment as a matter of law."

{¶ 16} On May 11, 2015, the Hayes filed a Reply, asserting that *"Kelly* involves a business invitee and a negligence standard of care, whereas in this case Plaintiff is a licensee and requires a willful and wanton standard of care. *Kelly* also involves a fact pattern that is not similar to the case at hand. Plaintiff failed to provide any applicable case law to prove Defendants are liable for Plaintiff's injuries." The Hayes asserted that the "plaintiff in *Kelly* was a business invitee, not licensee, and was owed a heightened duty of care under a negligence standard." The Hayes asserted that unlike the

Lakewood Codified Ordinance in *Kelly*, which imposes a duty to keep sidewalks clear of any " 'defect that is a tripping hazard or that is capable of causing injury,' " the "City of Trotwood Code of Ordinances only imposes a duty on an owner of abutting land to keep sidewalks 'free from snow, ice, or any nuisance.' "

{¶ 17} The Hayes argued that even if a negligence standard applies, Parrish "failed to provide any evidence under Rule 56(C) that Defendants are liable under the exceptions applied to business invitees listed in *Kelly*. In *Kelly,* the plaintiff submitted a written affidavit from a nearby business owner that indicates the alleged defect on the defendant's sidewalk existed for at least four years prior to the plaintiff's injuries." The Hayes asserted that Parrish mischaracterized Reginald's response to an interrogatory regarding when Reginald had knowledge of the uneven sidewalk, noting that Reginald's full response was, " 'I noticed it when I shoveled snow it was NOT UNSAFE.' " Further, the Hayes asserted that "in direct contrast to *Kelly*, Plaintiff failed to provide evidence Defendants were aware of the alleged defect for a substantial amount of time prior to the incident." Finally, the Hayes argued that Charie is not liable "for her husband's alleged torts because of the ancient principles of dower. * * * Therefore, because Plaintiff failed to establish proof the Defendant Charie L. Hayes is the owner of the property, she is entitled to summary judgment."[1]

{¶ 18} In granting summary judgment in favor of Reginald Hayes, the trial court noted that "Mr. Hayes asserts that Ms. Parrish was a licensee at the time that she tripped and fell, and Ms. Parrish's complaint admits that she was a licensee on the Property when

---

[1] We note that the trial court, although entering an order granting the Motion for Summary Judgment which was filed by both defendants, only granted summary judgment for Reginald Hayes, including Civ.R. 54(B) language.

she tripped and fell." The court noted that a landowner owes a licensee a duty to refrain from wantonly or willfully causing injury. The court noted that "Ms. Parrish, under the applicable licensee standard, has failed to provide any Rule 56 evidence that would create a genuine issue of material fact concerning whether Mr. Hayes breached a duty owed to Ms. Parrish."

{¶ 19} The court further noted that the three exceptions that may impose liability upon a landowner for an injury to a licensee are not present. According to the court, "Trotwood Ordinance § 521.05 did not impose a duty upon Mr. Hayes to protect Ms. Parrish from the sidewalk defect that caused her to fall. The Ordinance, to phrase the matter somewhat differently, does not alter Ms. Parrish's licensee status when using the sidewalk traversing Mr. Hayes' property." The court further noted that "Ms. Parrish has not presented any evidence to show that Mr. Hayes' affirmative acts created or by affirmative action he negligently maintained the defective or dangerous condition." Finally, the court concluded that "Ms. Parrish did not present any evidence to show that Mr. Hayes negligently permitted the raised, cracked sidewalk to exist for his private use or benefit."

{¶ 20} Parrish asserts one assignment of error herein as follows:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.

a. DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE HE NEGLIGENTLY MAINTAINED THE SIDEWALK.

{¶ 21} Parrish asserts that similar to *Kelly*, "where the defective condition existed for four (4) years, Defendant Reginald Hayes knew the sidewalk elevation was uneven.

Defendant Reginald Hayes noticed the sidewalk in front of his property was uneven on or before March 21, 2014 when he shoveled snow." Parrish asserts that "photographs establish that Defendants negligently maintained the sidewalk because a portion of the sidewalk is elevated * * *." Parrish asserts, "the Trial Court erred by sustaining Appellees/Defendants' Motion for Summary judgment because, viewing the evidence in the light most favorable to Appellant/Plaintiff, a reasonable person could determine Defendant/Appellee Reginald Hayes negligently maintained the sidewalk."

{¶ 22} The Hayes assert that Parrish was a licensee, not an invitee, at the time of the accident, and they had a duty only to refrain from wantonly and willfully causing injury to her. According to the Hayes, Parrish "is incorrect in her argument that a negligence standard, and the exception to the no-duty rule, apply in this case." The Hayes assert, even if a negligence standard applies, Parrish "failed to offer evidence the defect existed for a substantial period of time and that it presented a foreseeable danger to pedestrians. [Parrish] attempts to correlate defendant's four year knowledge in *Kelly* to [Reginald Hayes'] statement that he examined the sidewalk 'days prior to the incident in question.'"

{¶ 23} In Reply, Parrish asserts that she, "although a licensee, does not need to show wanton or willful conduct because evidence that the property owners negligently maintained the public sidewalk is sufficient to overcome summary judgment."

{¶ 24} As this Court has previously noted:

> We review the appropriateness of summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citation omitted. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the

moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389. Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record demonstrating that no genuine issue of material fact exists on the essential elements of the non-moving party's claims. *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 1996-Ohio-107. Once the moving party meets that burden, the nonmoving party has a reciprocal burden of showing that a genuine issue of material fact exists to prevent summary judgment. *Id.* at 294, 662 N.E.2d 264. If the non-moving party fails to meet this burden, then summary judgment is appropriate.

*Springhart v. Darden Restaurants, Inc.*, 2d Dist. Montgomery No. 19439, 2003-Ohio-919, ¶ 9.

{¶ 25} "Generally, an owner of land abutting a sidewalk is not liable for injuries to pedestrians on a sidewalk. * * * ." *Quinn v. Montgomery Cty. Educ. Serv. Ctr.*, 2d Dist. Montgomery No. 20596, 2005-Ohio-808, ¶ 20. " 'In Ohio, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant.' * * * ." *Id.*, ¶ 11. It is undisputed that Parrish was a licensee at the time of her fall. A "licensee is one who enters upon the premises of another, by permission or acquiescence and not by invitation, for his own benefit or convenience. * * *." *Id.*, ¶ 12. As this Court noted in *Quinn*:

> \* \* \* A property owner owes a licensee no duty except to refrain from wanton or willful conduct which is likely to injure him and to exercise ordinary care after discovering him to be in peril. \* \* \* Furthermore, the licensee should not be exposed to hidden dangers, pitfalls or obstructions created by the property owner's active negligence. \* \* \* "Willful conduct 'involves an intent, purpose or design to injure.' Wanton conduct occurs when one 'fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result \* \* \*." \* \* \*.

*Id.*

{¶ 26} As this Court's decision in *Quinn* makes clear, the Hayes owed Parrish no duty except to refrain from wanton or willful conduct likely to injure her. We conclude that the trial court correctly determined that Mr. Hayes did not breach any duty owed to Parrish. Parrish presented no evidence that Mr. Hayes engaged in willful or wanton conduct or active negligence which exposed her to hidden dangers, pitfalls or obstructions. Parrish testified at deposition that March 21, 2014 was a sunny day, that her view of the sidewalk was not obstructed, and that if she had looked at the sidewalk she traversed, she would have observed the defect and avoided it.

{¶ 27} Finally, Parrish's reliance upon *Kelly* is misplaced. The second exception to the no-duty rule which Parrish cites requires evidence of "*affirmative acts*" in creating or maintaining the defect. There is no evidence of affirmative acts on the part of Mr. Hayes in creating or maintaining the elevated portion of the sidewalk, and as the Hayes assert, Parrish mischaracterized Reginald Hayes' interrogatory response. Mr. Hayes

responded that he noticed the uneven sidewalk while shoveling snow and that "it was not unsafe." As the Hayes assert, even if a negligence standard were to apply to Parrish's fall, Mr. Hayes' conduct does not rise to the level of negligence.

**{¶ 28}** Having construed the evidence most strongly in Parrish's favor, we conclude that there is no genuine issue of material fact, and Mr. Hayes is entitled to judgment as a matter of law. Accordingly, Parrish's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Sean Brinkman
Aaron G. Durden
Jonathon L. Beck
Joanna M. Lenefonte
Hon. Michael L. Tucker